UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

OLE JAMES SWANSON,

    Plaintiff,

v.                                                  Case No. 5:21-cv-203-TKW/MJF

KILOLO KIJAKAZI,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Ole James Swanson brings this action under 42 U.S.C. § 405(g) to seek review of a final adverse decision of the Commissioner of the Social Security Administration. Because the Commissioner's decision is not supported by substantial evidence, the District Court should reverse the Commissioner's decision and remand this action for further proceedings.[1]

### I. PROCEDURAL HISTORY

On March 13, 2020, Plaintiff applied for disability insurance benefits ("DIB"). In his application, Plaintiff alleged that he became disabled on June 15, 2013.

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b).

Tr. 184.[2] The Social Security Administration ("SSA") denied his claim initially and on reconsideration. Tr. 77-98. On February 3, 2021, Plaintiff, represented by counsel, appeared and testified telephonically during a hearing before an Administrative Law Judge ("ALJ"). Tr. 38-76. At the hearing, Plaintiff amended his alleged disability-onset date to July 15, 2019. Tr. 17. On February 18, 2021, the ALJ issued a written decision in which she found that Plaintiff was not disabled. Tr. 14-28. The Appeals Council denied Plaintiff's request for review. Tr. 2-8. Thus, the ALJ's decision stands as the final decision of the Commissioner, subject to review in this court. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007). This appeal followed.

## II. FINDINGS OF THE ALJ

In denying Plaintiff's claim, the ALJ made the following findings:

1. Plaintiff met the insured-status requirements of the Social Security Act ("the Act") through March 31, 2020;

2. Plaintiff had not engaged in substantial gainful activity since July 15, 2019, the amended alleged disability-onset date;

---

[2] All references to "Tr." refer to the transcript of the Social Security Administration record filed on January 14, 2022. Doc. 9. The page numbers cited herein are those found on the bottom right corner of each page of the transcript, rather than the page numbers that were assigned by the court's electronic docketing system.

3. Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, degenerative joint disease of the bilateral knees and bilateral shoulders, and bilateral carpal tunnel syndrome;

4. Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments;

5. Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except that he

> could have frequently reached, handled, and fingered bilaterally. [He] could have occasionally climbed ramps and stairs, but could never have climbed ladders. [He] could have occasionally stooped, knelt, crouched, and crawled. [He] could have had frequent exposure to dust, fumes, and odors. [He] could have had frequent exposure to workplace hazards.

6. Plaintiff was able to perform past relevant work as an administrative clerk; and

7. Plaintiff was not disabled, as defined in the Act, from July 15, 2019, through March 31, 2020. Tr. 19-24.

### III. STANDARD

A court's review of the Commissioner's final decision is limited. A court may not "decide the facts anew, reweigh the evidence, or substitute its judgment for that of the [Commissioner]." *Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1104 (11th Cir. 2021) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir.

2004)). Instead, a court reviews to ensure that the Commissioner's decision is supported by substantial evidence in the record and was a result of the application of proper legal standards. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). If so, a court cannot disturb the Commissioner's decision. 42 U.S.C. § 405(g); *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The threshold for the evidentiary sufficiency in Social Security cases is not high. *Biestek v. Berryhill*, 587 U.S. __, 139 S. Ct. 1148, 1154 (2019). Although substantial evidence is "more than a mere scintilla," it is not a preponderance; it requires only "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Id.*; *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Even if the evidence preponderates against the Commissioner's decision, the decision must be affirmed if it is supported by substantial evidence. *Sewell v. Bowen*, 792 F.2d 1065, 1067 (11th Cir. 1986).

Pursuant to 20 C.F.R. § 404.1520(a)-(g),[3] the Commissioner analyzes a disability claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?

---

[3] Generally, the same legal standards apply to claims for DIB and supplemental security income ("SSI"), but separate parallel statutes and regulations exist for DIB and SSI claims. *See* 20 C.F.R. §§ 404, 416. Thus, citations of statutes or regulations found in quoted court decisions in this report and recommendation should be considered to refer to the appropriate parallel provision.

2. Does the individual have any severe impairments?

3. Does the individual have any severe impairments or combination of impairments that meet or equal those listed in 20 C.F.R. Part 404?

4. Does the individual have the RFC to perform work despite limitations and are there any impairments that prevent past relevant work?

5. Do the individual's impairments prevent other work?

The claimant bears the burden of establishing a severe impairment that keeps him from performing past relevant work. 20 C.F.R. § 404.1512; *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1278 (11th Cir. 2020) ("A claimant bears the burden at the first four steps."). If the claimant establishes such an impairment, the burden shifts to the Commissioner at Step Five to show the existence of other jobs in the national economy that, given all of the claimant's impairments, the claimant can perform. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1321 (11th Cir. 2021). If the Commissioner carries this burden, the claimant then must prove that he cannot perform the work suggested by the Commissioner. *Goode*, 966 F.3d at 1279; *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987).

### IV. PLAINTIFF'S MEDICAL HISTORY AND HEARING TESTIMONY

**A.   Relevant Medical History**

Between April 2017 and September 2020, Plaintiff frequently denied depressive symptoms. Tr. 582, 598, 631, 650, 674, 709, 732, 735, 737, 740, 743,

744, 779, 801, 816, 854.[4] Plaintiff's medical sources frequently reported that his affect was appropriate and that his mood was euthymic. Tr. 306, 315, 325, 598-99, 632, 675, 710, 731, 734, 739, 742, 744, 780, 817, 855.

**B.     Summary of the Hearing Testimony**

Plaintiff testified that although he is a "vibrant type person," because of "flat depression," he sometimes sits and thinks about his pain and it drives him "insane."[5] Tr. 55. He testified that his pain affects his ability to concentrate and focus. Tr. 69. Plaintiff also testified that he has to watch shows or read books twice to understand "the gist of what's there" and that, to prevent forgetting important items, he has to make a list of items to purchase before going to a store. *Id.*

Plaintiff testified that during the summer of 2016, he "manage[d] the library" at a canoe-rental company. Tr. 52. The work duties he described, however, appear to have no connection to a library. For example, Plaintiff "spearheaded the operation," which included handling reservations, managing money, overseeing trips up to the head of the creek and back down, and ensuring that equipment was

---

[4] A claimant pursuing a DIB claim must show that he was disabled on or before the date last insured. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). Thus, the undersigned summarizes only the record evidence on or around July 15, 2019—Plaintiff's amended alleged disability-onset date—through March 31, 2020—the date through which he satisfies the insured-status requirements.

[5] The undersigned summarizes only the hearing testimony directly relevant to the issues raised by Plaintiff on appeal.

washed and ready for the following day. *Id.* A few days that summer, Plaintiff worked for ten or eleven hours per day. Tr. 53. Because of the pain he experienced, his long commute, and the long workdays, Plaintiff worked only one season. *Id.*

## V. DISCUSSION

Plaintiff argues, among other things, that when determining Plaintiff's RFC, the ALJ impermissibly failed to take into consideration Plaintiff's persistent depressive disorder and related limitations. Doc. 11 at 8-12. Plaintiff also argues that upon remand, the case should be assigned to a different ALJ to conduct a *de novo* hearing. *Id.* at 16-26.

**A.     The ALJ's RFC Assessment**

At Step Four, the ALJ determines a claimant's RFC, which encompasses a claimant's remaining ability to do work despite his limitations. 20 C.F.R. § 404.1545(a)(1); *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019) (per curiam) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)). In determining the claimant's RFC, the ALJ must consider all of the claimant's medically determinable impairments, severe and non-severe alike. *Schink*, 935 F.3d at 1268-69 (citing *Bowen v. Heckler*, 748 F.2d 629, 634-35 (11th Cir. 1984)); 20 C.F.R. § 404.1545(b)-(c) (noting that an RFC accounts for physical and mental limitations). "If an ALJ fails to address the degree of impairment caused by the combination of physical and mental medical problems, the decision that the claimant

is not disabled cannot be upheld." *Schink*, 935 F.3d at 1269 (citing *Bowen*, 748 F.2d at 634). If, on the other hand, an ALJ's RFC assessment is supported by substantial evidence and is the result of the application of proper legal standards, a court cannot disturb it. *Carnes*, 936 F.2d at 1218.

Plaintiff argues that the ALJ erred at Step Four by not discussing Plaintiff's persistent depressive disorder and related limitations. In Plaintiff's words: "[A]s in *Schink*, the ALJ failed to include the Plaintiff's mild mental limitations in the RFC assessment, and failed to provide any explanation for failing to do so." Doc. 11 at 11. Specially, at Steps Two and Three the ALJ found that that Plaintiff had mild limitations in all four broad functional areas under the "paragraph B" criteria. Tr. 20-21. The ALJ concluded, therefore, that Plaintiff's persistent depressive disorder, although medically determinable, was not severe. Tr. 21. But at Step Four, the ALJ mentioned Plaintiff's depression only once. Tr. 22. The ALJ did not otherwise discuss Plaintiff's mental impairment or related mental limitations.

The Commissioner contends that the ALJ was not required to include in Plaintiff's RFC the mild mental limitations noted at Step Two because the ALJ found that Plaintiff's mental limitations were mild, rather than moderate or severe. Doc. 12 at 19-21. The Commissioner also contends that Plaintiff's reliance on *Schink* is misplaced. *Id.* at 22.

An ALJ is required to consider a claimant's mental impairments and related limitations in determining the claimant's RFC. *Pupo v. Comm'r, Soc. Sec. Admin.*, 17 F.4th 1054, 1064 (11th Cir. 2021) (noting that an ALJ must consider all impairments when assessing a claimant's RFC) (citing *Schink*, 935 F.3d at 1269). The ALJ did not do so here. The ALJ's RFC determination focused exclusively on Plaintiff's *physical* impairments and related *physical* limitations. Tr. 21-24. The ALJ's failure, at Step Four, to discuss Plaintiff's persistent depressive disorder and related limitations is an error. Without such a discussion, the District Court cannot conclude that the ALJ's RFC assessment is supported by substantial evidence. *Pupo*, 17 F.4th at 1065 (reversing and remanding because the ALJ failed to discuss the claimant's stress urinary incontinence when determining the RFC); *Schink*, 935 F.3d at 1269 (reversing and remanding because the ALJ's "decision contain[ed] no real discussion of how the mental condition affected [the plaintiff's] RFC").

Additionally, although the Commissioner attempts to distinguish *Schink* from the present case by noting that the plaintiff's mental impairment in *Schink* was severe, and here Plaintiff's persistent depressive disorder is non-severe, that argument is unavailing. Doc. 12 at 22. Although the ALJ in *Schink* erred by finding that the plaintiff's mental impairments were non-severe, the court noted that the error could be harmless if the ALJ "duly considered [the plaintiff's] mental impairment when assessing his RFC." 935 F.3d at 1268. The court in *Schink* reversed and

remanded the case back to the Commissioner because, as is the case here, the ALJ failed to address the plaintiff's mental impairments in assessing his RFC.[6] *Id.* at 1269-70. The persuasive authority cited by the Commissioner supports Plaintiff's position. Doc. 12 at 21-22; *Williams v. Soc. Sec. Admin.*, 661 F. App'x 977, 980 (11th Cir. 2016) (noting that although the ALJ did not include the claimant's mental-impairment-related limitations in the RFC, the ALJ accounted for the claimant's mental impairments in the RFC assessment); *Medwit v. Comm'r of Soc. Sec.*, No. 2:20-CV-143-JLB-NPM, 2021 WL 1341390, at *4-5 (M.D. Fla. Feb. 22, 2021) (noting that the ALJ discussed the claimant's mental impairments in the RFC assessment).

The ALJ failed to consider Plaintiff's persistent depressive disorder in assessing Plaintiff's RFC. Thus, Plaintiff's RFC is not supported by substantial evidence, and this case should be remanded to the Commissioner to allow the ALJ to consider all of Plaintiff's physical and mental impairments in assessing Plaintiff's RFC.

---

[6] The Commissioner also mentions that the court in *Schink* did not apply the new SSA regulations, which apply to claims filed after March 27, 2017. Doc. 12 at 22-23 (citing *Schink*, 935 F.3d at 1259 n.4). It is unclear how this is relevant to Plaintiff's claim. Footnote 4 in *Schink* addresses the applicability of the treating-physician rule to claims filed before March 27, 2017. *Schink*, 935 F.3d at 1259 n.4. Here, Plaintiff does not raise an argument related to the treating-physician rule.

B.     **Plaintiff's Request That His Case Be Remanded to a Different ALJ**

Plaintiff also argues that on remand, a different ALJ should handle his case and should conduct a *de novo* hearing. Doc. 11 at 20, 26. Plaintiff asserts that this is necessary because the ALJ that adjudicated his case lacked constitutional authority to do so in light of 42 U.S.C. § 902(a)(3)'s for-cause removal restriction. *Id.* at 17-18.

The parties agree that section 902(a)(3), the statute authorizing the Commissioner's removal only for cause, is unconstitutional insofar as the statute limits the President's authority to remove the Commissioner. *Id.*; Doc. 12 at 5 (citing Constitutionality of the Commissioner of Social Security's Tenure Protection, 45 Op. O.L.C. __ (2021)). The only issue before the District Court, therefore, is whether section 902(a)(3)'s unconstitutionality entitles Plaintiff to a *de novo* hearing before a different ALJ.[7]

A plaintiff seeking relief based on a provision that unconstitutionally limits the President's removal authority must show that the provision caused the plaintiff "compensable harm." *Collins v. Yellen*, 594 U.S. ___, 141 S. Ct. 1761, 1788-89 (2021). That is, such a plaintiff must show "that the unconstitutional provision

---

[7] Because the parties agree that section 902(a)(3)'s for-cause removal restriction is unconstitutional, the undersigned assumes without finding that the parties are correct. *See Spirit Airlines, Inc. v. Maizes*, 899 F.3d 1230, 1233 n.1 (11th Cir. 2018) (assuming without deciding an issue that the parties agreed on).

actually caused the plaintiff harm." *Decker Coal Co. v. Pehringer*, 8 F.4th 1123, 1137 (9th Cir. 2021) (declining to hold that the existence of a potentially unconstitutional removal provision alone tainted an ALJ's decision).

Plaintiff contends that because section 902(a)(3) limits the President's authority to remove the Commissioner of the SSA, former Commissioner Andrew M. Saul lacked any ability to delegate authority to the Appeals Council Officer or to the ALJ who adjudicated his case. Doc. 11 at 17-21. According to Plaintiff, the Appeals Council Officer's and ALJ's decisions are constitutionally invalid because those actors exercised a power they did not lawfully possess. *Id.* at 19-22.

In *Collins v. Yellen*, the Supreme Court held that the Housing and Economic Recovery Act of 2008's for-cause restriction on the President's authority to remove the director of the Federal Housing Finance Agency violated the separation of powers principles found in the Constitution. 141 S. Ct. at 1783. But the Court also held that because the director's appointment was proper under the Constitution, the director's actions were not "void *ab initio*," despite the unconstitutional for-cause limitation. *Id.* at 1787; *id.* at 1788 n.23 (noting that "the unlawfulness of [a] removal provision does not strip [an officer] of the power to undertake the other responsibilities of his office") (citing *Seila L. LLC v. Consumer Fin. Prot. Bureau*, 591 U.S. ___, 140 S. Ct. 2183, 2207-11 (2020)).

Applying the reasoning of *Collins* to Plaintiff's argument, section 902(a)(3)'s removal provision did not deprive former Commissioner Saul of his authority and, by extension, did not deprive the Appeals Council Officer and ALJ of authority to adjudicate Plaintiff's case. To prevail on his argument, therefore, Plaintiff must show that section 902(a)(3)'s for-cause limitation caused him "compensable harm." *Id.* at 1788-89; *Decker Coal Co.*, 8 F.4th at 1137. But Plaintiff merely speculates that Commissioner Saul's for-cause removal protection resulted in the ALJ denying Plaintiff a favorable disability determination.[8] Doc. 11 at 21-22, 25. Courts have considered similar speculative arguments in other cases and, not surprisingly, have rejected them. *E.g.*, *Platt v. Comm'r of Soc. Sec.*, __ F. Supp. 3d __, 2022 WL 621974, at *6 (S.D.N.Y. 2022); *Brand v. Kijakazi*, __ F. Supp. 3d __, 2021 WL 5868131, at *5-6 (D. Nev. 2021).

In short, Plaintiff has failed to show that section 902(a)(3)'s for-cause limitation caused him "compensable harm." *Platt*, 2022 WL 621974, at *6 (declining to remand a social security appeal because the plaintiff failed to show how section 902(a)(3)'s removal restriction "impacted the ALJ's decision to reject her appeal"). Plaintiff, therefore, does not have a right to have a different ALJ handle his case or a right to a *de novo* hearing.

---

[8] It is worth noting that in July 2021, Kilolo Kijakazi replaced Commissioner Saul as the Acting Commissioner of the SSA.

## VI. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **REVERSE** the Commissioner's decision and **REMAND** this action to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this report and recommendation; and

2. Direct the clerk of the court to close the case file.

At Pensacola, Florida, this 26th day of April, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**