UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

OLE JAMES SWANSON,

    Plaintiff,

v.                                      Case No.  5:21-cv-203-TKW-MJF

MARTIN O'MALLEY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff's counsel (hereinafter "Petitioner") has filed an unopposed motion for attorney fees under 42 U.S.C. 406(b) and supporting documentation. Doc. 19. For the reasons set forth below, the District Court should grant Petitioner's motion and order the Commissioner to disburse to Petitioner the requested fees.

### I. BACKGROUND

On March 13, 2020, Plaintiff applied for disability insurance benefits. Doc 1 at 1. The Social Security Administration ("SSA") denied his application initially and upon reconsideration. Doc. 9 at 77–98. On February 18, 2021, the Administrative Law Judge ("ALJ") issued a

decision denying Plaintiff's application for benefits. *Id.* at 14–28. Plaintiff's request for review of the ALJ's decision was denied by the Commissioner's Appeals Council. *Id.* 2–8.

In September 2021, Plaintiff retained Petitioner to appeal the denial of his claim for disability insurance benefits. Doc. 19-3 at 1. Plaintiff signed a fee agreement with Petitioner in which he agreed to payment of attorney's fees equaling 25% of any accumulated past due benefits paid to him in the event of the successful prosecution of his claim. Doc. 19-2. On October 13, 2021, Petitioner filed a civil action on Plaintiff's behalf seeking judicial review of the Defendant's decision denying Plaintiff's claim for disability insurance benefits. Doc. 1. On January 14, 2022, Defendant responded by filing the 867-page administrative record. Doc. 10.

On March 17, 2022, Petitioner filed a memorandum in support of Plaintiff's complaint. Doc. 11. On April 13, 2022, Defendant filed a memorandum in support of the commissioner's decision. Doc. 12. On April 26, 2022, the undersigned recommended that the District Court reverse and remand this action to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. Doc. 13.

Neither party objected to the recommendation. On May 16, 2022, the District Court adopted the undersigned's report and recommendation; reversed the decision of the Commissioner; and remanded the action for further proceedings. Docs. 14 & 16.

On August 12, 2022, the District Court awarded Petitioner fees and costs in the amount of $7,584.67 for representing Plaintiff before the United States District Court for the Northern District of Florida, pursuant to 28 U.S.C. § 2412 (the Equal Access to Justice Act ("EAJA")). Doc. 17.

Following the District Court's remand of Plaintiff's case, on June 25, 2024, an ALJ issued a decision favorable to Plaintiff. Doc. 19; *see* Doc. 19-1 at 1–5. This resulted in a sizable award of past-due benefits to Plaintiff. Doc. 19-1 at 1–5. On July 29, 2024, the Commissioner issued a notice indicating that the Social Security Administration ("SSA") had withheld 25% of Plaintiff's past-due benefits ($27,659.68) in anticipation of direct payment of an authorized attorney's fee. *Id.* at 3. In the instant motion, Petitioner has requested a fee of $27,659.68—subject to a dollar-for-dollar offset for the EAJA fees of $7,182.67—for 28.70 hours of work spent representing Plaintiff in federal court.

## II. DISCUSSION

Attorneys handling Social Security proceedings may seek fees for their work under two different statutory provisions, the EAJA and 42 U.S.C. § 406. The EAJA allows for an award of attorney's fees when the party seeking fees is the prevailing party in a civil action brought against the United States. 28 U.S.C. § 2412. Fees under the EAJA are meant to penalize the Commissioner for assuming an ostensibly unjustified legal position, and they are paid with SSA funds. *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006).

Section 406 allows for recovery of attorney's fees for representation of individuals claiming Social Security benefits both at the administrative level and in federal court. "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; [and] § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). For proceedings in court, when a judgment favorable to the claimant is rendered, the court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past due benefits to which the claimant is entitled

by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past due benefits." *Id.*

Finally, although fees can be awarded under both the EAJA and § 406(b), Congress has precluded receipt of attorney's fees for the same services provided under the EAJA and the Social Security Act. *See* 42 U.S.C. § 406(b)(1)(A). In other words, when fee awards have been awarded "under both prescriptions, the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796.

The instant request by Petitioner is made pursuant to 42 U.S.C. § 406(b) and does not exceed the maximum recovery permitted under the terms of that statute. In support of his motion, Petitioner states that the fee is reasonable because: (1) Petitioner and Plaintiff entered a written agreement which provides that Petitioner is entitled to a contingent fee of no more than 25% of past due benefits to Petitioner and his beneficiaries; (2) Petitioner was able to obtain a remand on Plaintiff's behalf after briefing this matter before the court; (3) Petitioner took a substantial risk of loss in agreeing to represent Plaintiff on a contingency basis; (4) Petitioner spent 28.70 hours litigating Plaintiff's case in court;

(5) Plaintiff received an excellent result insofar Plaintiff received a substantial amount of past due benefits; and (6) the Commissioner does not oppose the motion.[1] Doc. 19.

In *Gisbrecht*, the Supreme Court held that the provision of § 406(b) that limits attorney's fees to 25% of past due benefits was designed to control, and not to displace, contingency fee agreements that are within the statutory ceiling. *Gisbrecht*, 535 U.S. at 808–09. The Court concluded that § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. Thus, the district court should first look to the contingent fee agreement and then test the fee sought for reasonableness. *Id.* at 808. Accordingly, within the "25-percent-boundary" permitted by § 406(b), the "attorney for the successful

---

[1] In the certificate of conferral, Petitioner represents that the Commissioner responded that the Commissioner "neither supports nor opposes the request fees and will leave it up to the court to decide the amount." Doc. 19 at 3. Under the Local Rules, a party that opposes a motion must file a memorandum in opposition within fourteen days after service of the motion. N.D. Fla Loc. R. 7.1(E). The District Court may grant a motion by default "if an opposing party does not file a memorandum as required" by the Local Rules. N.D. Fla. Loc. R. 7.1(H). More than fourteen days have passed since the motion was served on Defendant, and Defendant has not filed a response in opposition.

claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. Although the Supreme Court did not specify the factors that courts should consider when determining the reasonableness of a § 406(b) fee, the Court suggested that the fee should be reduced if the representation was substandard, if the attorney was responsible for delay, or if the fee is a windfall (that is, "large in comparison to the amount of time counsel spent on the case" when compared to the "lawyer's normal hourly billing charge for noncontingent-fee cases"). *Id.* at 808.

Here, the fee sought for attorney time is reasonable in light of the work performed and the result achieved. The undersigned notes that there is no dispute as to whether the amount requested is within the statutory and contract-based maximum of 25% of past due benefits. There is also no allegation of undue delay by Petitioner.

Additionally, the undersigned cannot fault the character of the representation provided by Petitioner in this case. The SSA had denied Plaintiff's case multiple times. Furthermore, Petitioner was effective in achieving a remand in this court, which occurred only after Petitioner filed a memorandum in support of Plaintiff's complaint, which

necessitated the review of the administrative proceedings below. The remand ultimately led to a favorable disability determination by the Commissioner. Thus, as a result of Petitioner's efforts, Plaintiff will receive back benefits as well as ongoing benefits and medical coverage.

Additionally, the fee is reasonable in light of other fee awards in Social Security cases. *See Hollis-Roney v. Comm'r of the Soc. Sec. Admin.*, No. 4:18-CV-441-MJF, 2020 WL 13490056, at *3 (N.D. Fla. Dec. 7, 2020); *Rollins v. Saul*, No. 1:17CV120-MW/CAS, 2020 WL 2025638, at *1 (N.D. Fla. Mar. 26, 2020), *report and recommendation adopted*, No. 1:17CV120-MW/MAF, 2020 WL 1991473 (N.D. Fla. Apr. 27, 2020).

Petitioner, therefore, has demonstrated that the fee request is reasonable.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **GRANT** Petitioner's unopposed motion for attorney fees under 42 U.S.C. § 406(b), Doc. 19;

2.     **ORDER** the Commissioner to promptly disburse to Petitioner the $27,659.68—which is subject to a dollar-for-dollar offset of the EAJA fees of $7,182.67 previously awarded which must be returned to Plaintiff.

At Pensacola, Florida, this 18th day of November, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The district court referred this matter to the undersigned. Doc. 28;** *see* **N.D. Fla. Loc. R. 72.3; 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**